UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: MEGHAN E. LAUDENSLAGER : CHAPTER 13
     Debtor :
:
JACK N. ZAHAROPOULOS :
STANDING CHAPTER 13 TRUSTEE :
     Movant :
:
     vs. :
:
MEGHAN E. LAUDENSLAGER :
     Respondent : CASE NO. 5-23-bk-02338

TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 13th day of November, 2023, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor's plan for the following reason(s):

1. Debtor's plan violates 11 U.S.C. §§ 1322(a)(1) and 1325(b) in that the debtor has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor's disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

   a. Charitable contributions (verification).
   b. The following expenses are unreasonable, especially considering no contribution to the household from debtor's two adult daughters:

     1) $175.00 a month charitable contribution.
     2) $545.00 a month for telephones, internet and cable services (in conjunction with a separate $100.00 a month entertainment expense).
     3) $1,067.00 a month food and housekeeping expense.
     4) $120.00 a month tobacco products expense.
     5) $364.00 a month pet expense.

2. Debtor's plan violates 11 U.S.C. § 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, the debtor has excess non-exempt equity in the following:

    a. Residential real estate. The Trustee has requested proof of the value of the debtor's home as stated in her schedules.

3. SOFA #14 lacks description. (The debtor claims to donate $175.00 to charity.)

WHEREFORE, Trustee alleges and avers that debtor's plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

    a. Deny confirmation of debtor(s) plan.
    b. Dismiss or convert debtor(s) case.
    c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 22nd day of November, 2023, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Hummelstown, Pennsylvania, postage prepaid, first class mail, addressed to the following:

John Hyams, Esquire
2023 N. 2nd Street, Suite 203
Harrisburg, PA 17102

/s/Deborah A. DePalma
Office of Jack N. Zaharopoulos
Standing Chapter 13 Trustee